UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MUJAAHIDA DUFFY,

    Plaintiff,

v.                                           Case No. 3:18cv1534-MCR-HTC

DEPARTMENT OF VETERANS AFFAIRS;
PETER O'ROURKE, SECRETARY OF
DEPARTMENT OF VETERANS AFFAIRS;
BRYAN C. MATTHEWS, GULF COAST
VETERANS HEALTH CARE SYSTEM
DIRECTOR; DR. LINDA COX; and
ELLA CVIRKO, OUTPATIENT CLINIC
DENTIST;

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff brings this action, *pro se*, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] asserting a myriad of alleged statutory and constitutional violations against the Defendants. Plaintiff's claims are based on events that occurred at a VA clinic when Plaintiff was seeking dental treatment on May 9, 2018, and the actions that allegedly took place after she was denied treatment. ECF Doc. 10 at p. 1.

---

[1] The United States Supreme Court in *Bivens* held that federal officials can be sued for constitutional torts. *See id*.

Case No. 3:18cv1534-MCR-HTC

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the complaint (ECF Doc. 1), Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF Doc. 10) and Plaintiff's response (ECF Doc. 13), the undersigned concludes this case should be dismissed pursuant to the Veterans Judicial Review Act ("VJRA") for lack of subject matter jurisdiction.

I.   PLAINTIFF'S ALLEGATIONS

Plaintiff takes issue with various conduct she contends was engaged in by the Defendants, all of which arises out of her visit to a VA clinic for a scheduled dental examination. Specifically, Plaintiff alleges she went to Defendant Dr. Cvirko for dental treatment, treatment was twice denied and Dr. Cvirko "appeared to be unreasonably hostile towards [Plaintiff] for two reasons": Plaintiff is "identified in VA records . . . as a member of the LGBT community" and Plaintiff "had to correct her on the fact she was not there to deny [Plaintiff] treatment of an approved crown." ECF Doc. 1 at p. 10. Additionally, according to Plaintiff, during one of these visits, Dr. Cvirko called in a VA Police Officer Donald Basset to question Plaintiff when she "had done nothing." *Id.* Plaintiff contends Dr. Cvirko refused to treat her because she incorrectly identified her as a former male and refused to accept her as a female. *Id.* at 14.

After her second appointment with Dr. Cvirko, Plaintiff complained to Defendant Matthews and Dr. Taylor "by complaint to Patient advocate" and was told by Dr. Taylor that her request for a crown was approved and that Dr. Cvirko would not be her dentist. *Id.* at 10. Subsequently, and presumably as a result of her interactions with Dr. Cvirko, Plaintiff claims she received a letter in June 2018 from the VA indicating that a "National Behavioral Flag" had been entered against Plaintiff. *Id.* Plaintiff disagrees with the placement of this flag and seeks an order from this Court requiring its removal. *Id*. at 14. Plaintiff next claims the VA suspended her access to VA Secure Messaging[2] "because of criminal behavior." *Id.* at 10. Plaintiff takes issue with this suspension and seeks to have her access restored. *Id*. at 14.

Plaintiff also complains about the procedures followed by the VA's behavioral health care committee (which resulted in the behavioral flag notation and the suspension of her access to Secure Messaging) and describes it as a system which allows VA employees "to complain against the veteran, [and] involves the police and police reports and action without due process." *Id.* at 10-11. Plaintiff says, in contrast, veterans who have complaints must go through the Patient advocate and thus, "[t]he employees [*sic*] complaint process works very well against the veteran,

---

[2] VA Secure Messaging is an online system which allows veterans to communicate with healthcare providers. https://www.va.gov/health-care/secure-messaging/.

Case No. 3:18cv1534-MCR-HTC

while the Patient advocate system given to the veteran is as useless as the compensation system." *Id.* at 11. She asserts the VA's behavioral health care committee complaint process violated her Fourth and Fifth Amendment rights, as well as her right to equal protection.

Plaintiff further makes the following allegations with regard to other named Defendants:

- She complains Defendant Kevin Lee violated her constitutional rights by seeking to have a police officer attend their meeting because of the flag on her account and by refusing to close the door during their discussion.

- She complains Defendant Mathews, as the Director, is vicariously liable for Lee's conduct and further violated her constitutional rights by allowing the police to be used against veterans and by using the behavioral health care committee as a "private VA court were [*sic*] veterans are accused without due process and than [*sic*] sanction limiting healthcare are taken against them."

- She complains Dr. Cox violated her constitutional rights by adjudicating [her] guilty of these criminal crimes and punishing [her] without access to a trial and or an appeal process."

*Id.*

Finally, Plaintiff claims the VA and Dr. Cvirko violated section 1557 of the Affordable Care Act (42 U.S.C. 18116) when Dr. Cvirko refused treatment to

Case No. 3:18cv1534-MCR-HTC

Plaintiff and the VA violated the Privacy Act of 1974 by the way it handles "gender development issues and the privacy around them," namely that the VA uses an electronic flag to tell employees that she is "female legally and medically and to treat [her] that way."[3] *Id.* at 11.

II. STANDARD OF REVIEW

In considering a motion to dismiss for failure to state a claim, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Nevertheless, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted

---

[3] Although Plaintiff complains of the use of a flag in this suit, in a 2013 suit against the VA and its then Secretary, Plaintiff complained the VA delayed placing an electronic patient record flag in her medical records stating she is female. It is unclear whether she is complaining about that same flag here. As discussed further herein, that case was dismissed for lack of subject matter jurisdiction. *Renfro v. Shinseki*, 3:13cv38MCR-EMT, 2015 WL 2292026 (N.D. Fla. May 24, 2013).

Case No. 3:18cv1534-MCR-HTC

as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 – that is, to "nudge[] the[] claim[] across the line from conceivable to plausible[.]," *id.* at 570.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet, any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted).

III. LEGAL ANALYSIS

In 1988 Congress enacted the VJRA "to create an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized system[] comprised of the BVA [Board of Veterans Appeals], the newly established CVA [Court of Veterans Appeals (now named the Court of Appeals for Veterans Claims)], and the Federal Circuit." *Walton v. Sec'y Veterans Admin.,* 187 F. Supp. 3d 1317, 1325-26 (N.D. Ala. 2016) (citing *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1977)). The VJRA provides in pertinent part as follows:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subjection (b), the decision of the Secretary as to any such question **shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.**

Case No. 3:18cv1534-MCR-HTC

38 U.S.C. § 511(a) (emphasis added). As the Fifth Circuit has explained, in passing the VJRA, Congress "clearly announced" its intent "to preclude review of benefits determinations in federal district courts." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). Hence, "[s]ince the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." *Id.* at 1159-60 (veteran's claim that VA employees denied him adequate medical [care] in violation of the Due Process Clause was a challenge to the VA's decision to deny him benefits, over which the district court lacked subject matter jurisdiction); *McCulley v. U.S. Dep't of Veterans Affairs*, 851 F. Supp. 1271 (E.D. Wis. 1994) (district court lacked subject matter jurisdiction over claim that VA denied him equal protection); *Lee v. United States*, 2007 WL 564179, at *3 (M.D. Ala. Feb. 20, 2007) (plaintiff's claim centering around the VA's decision to bar him from the hospital was, in essence, a denial of medical and hospital benefits precluded from review by the VJRA); *Hassan v. U.S. Dep't of Veterans Affairs*, 137 F. App'x 418 (2d Cir. 2005) (plaintiff's challenge to his expulsion from the VA under the First and Fourteenth Amendments was barred from review under the VJRA).

Plaintiff's alleged constitutional violations here arise from complaints she has regarding the VA's provision of benefits and procedures. Indeed, the gravamen of Plaintiff's complaint is the VA's denial of dental treatment to her and the events that transpired thereafter, which allegedly impacted the availability of VA benefits to

her. Moreover, in her Prayer for Relief, Plaintiff seeks an order (1) restoring her access to Secure Messaging (a VA benefit); (2) removing the behavioral flag (a VA process); (3) directing the VA to refer her care to the community (a VA benefit and process); (4) requiring the VA to pay her filing fees for Dr. Cvirko's "refusing [her] care" (a VA benefit) and (5) correcting the Behavioral healthcare committee (a VA process). ECF Doc. 1 at p. 14. Because Plaintiff's claims challenge the VA's procedures and provision of benefits to her, this Court does not have subject matter jurisdiction over Plaintiff's claims, even if they are couched in terms of purported constitutional violations. *See Walton,* 187 F. Supp. 3d at 1326 ("to the extent Plaintiff attempts to couch his claims for benefits as a deprivation of constitutional rights, that maneuver cannot rescue him from dismissal").

In Plaintiff's response to Defendants' motion to dismiss, Plaintiff seeks to side-step the VJRA by arguing that she is attacking the constitutionality of the VJRA itself. ECF Doc. 13 at p. 1. This argument does not save Plaintiff from a dismissal because nowhere in her complaint does Plaintiff make such a statutory challenge. On a motion to dismiss the Court is bound to the four corners of the complaint and the facts alleged therein. Plaintiff's claims, as alleged, have nothing to do with the constitutionality of the VJRA and, instead, deal with whether the VA treated her fairly in the provision of benefits. *See Walton*, 187 F. Supp. 3d at 1326 (recognizing the district court retains jurisdiction over facial challenges to acts of Congress or an

agency rule under the scope of 5 U.S.C. § 552 (including VA regulations that violate other lawful acts of Congress), but finding that the case before the court did not present such a challenge). Indeed, even in her response Plaintiff complains about how Dr. Cvirko refused to provide her care and how the behavioral healthcare committee process led to a "denial of care at a VA Hospital." ECF. Doc. 13 at p. 2. In seeking to be referred to community care, Plaintiff states, "the VA and I are broken." ECF Doc. 1 at p. 14.

As Defendants point out, this is Plaintiff's fourth suit in this district against the VA and its providers. In her prior suits, she also alleged the VA violated her constitutional rights through various actions or alleged failures to act. Each of Plaintiff's prior cases was dismissed for lack of subject matter jurisdiction on the ground the VJRA precludes a district court from reviewing the VA's provision of benefits to veterans. In her first suit in this district against the VA in 2013, she alleged the VA delayed placing an electronic patient record flag in her medical records stating she is female, failed to delete all notations in her medical records referring to her as anything but female and was not providing her access to medical care as a female. *Renfro v. Shinseki*, 3:13-cv-38-MCR-EMT, 2013 WL 2292026 (N.D. Fla. May 24, 2013) (Judge Rodgers adopted a report and recommendation of dismissal of Plaintiff's claims). Two years later, she filed what Magistrate Judge Gary Jones described as a "nearly identical lawsuit," taking issue with the VA's

alleged refusal to post a crisis note in her medical records. *Duffy v. Liezert*, 1:15-cv-39-MW-GRJ, 2015 WL 1737898 (N.D. Fla. Apr. 15, 2015) (Judge Walker adopted a report and recommendation of dismissal of Plaintiff's constitutional claims). Also, in 2015, she filed suit claiming a letter the VA sent improperly restricted her access to health care. *Duffy v. Bates*, 1:15cv37-MW-GRJ, 2015 WL 1346196 (N.D. Fla. Mar. 24, 2015) (Judge Walker adopted a report and recommendation of dismissal of Plaintiff's constitutional claims). As she does here, in each prior case she couched her claims in terms of a due process or other constitutional violation. Doing so, however, does not get around the exclusive jurisdiction set forth in the VJRA. *Karmatzis v. Hamilton*, 553 F. App'x 617, 619 (7th Cir. 2014) ("A veteran may not circumvent these jurisdictional limitations [set forth in the VJRA] by cloaking a benefits claim in constitutional terms.").

Although Plaintiff argues in her response (ECF Doc. 13) this case is different from the others – it is not. As she did in the prior cases, Plaintiff takes issue with what she perceives to be the VA's failure to provide her with medical care and the failure of its processes to protect her constitutional rights. As Magistrate Judge Jones stated in his Report and Recommendation in 2015, "[a]t this point, Plaintiff is well

aware that this Court is not the proper avenue to litigate her claims against the VA." *Liezert*, 2015 WL 1737898 at *2. This case should be dismissed.[4]

IV.   PLAINTIFF'S REQUEST TO SEAL

Plaintiff has also asked for the Court to seal "this filing," *i.e.*, her complaint and "any evidence submitted." ECF Doc. 1. "Generally, sealing documents that contain protected information is disfavored because of the presumption that documents filed with the court are public record." *Verma v. Mem'l Healthcare Group, Inc.*, Case No. 3:16cv427-J-25JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). As the Eleventh Circuit has explained, "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Absent a showing of extraordinary circumstances set forth by the district court in the record . . . , the court file must remain accessible to the public." *Brown,* 960 F.2d at 1016. "[A] party seeking to seal a document may overcome the public's right of access by showing good cause, which requires the balancing of the right of access against the interest in maintaining the information as confidential." *Id.* (citing *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Here, Plaintiff has not set forth any basis, much less demonstrated good

---

[4] Defendants also argue that *Bivens* claims pertaining to the provision of veterans' medical benefits cannot be maintained against the individual Defendants. The undersigned need not address this argument since the Plaintiff's suit is subject to dismissal pursuant to the VJRA.

Case No. 3:18cv1534-MCR-HTC

cause or extraordinary circumstances, for sealing her complaint or "any evidence submitted." Indeed, she has not even alleged the complaint contains protected information and has not identified what evidence she seeks to have sealed. Her request should be denied.

Accordingly, it is respectfully RECOMMENDED:

1. That Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF Doc. 10) be GRANTED and this matter dismissed for lack of subject matter jurisdiction.

2. That Plaintiff's request to have the complaint and any evidence submitted sealed be DENIED.

3. That the clerk be directed to enter judgment in favor of the Defendants and close the file.

At Pensacola, Florida, this 25th day of April, 2019.

                                            */s/ Hope Thai Cannon*
                                            **HOPE T. CANNON**
                                            **UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**